NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| BENIGNO GARCIA-CALLEJAS, | No.    15-70265 |
| Petitioner, | Agency No. A076-228-963 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 26, 2017**

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Benigno Garcia-Callejas, a native and citizen of Honduras, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for withholding of

removal and protection under the Convention Against Torture ("CAT"). Our

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the social group Garcia-Callejas presents for the first time in his opening brief. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (no subject-matter jurisdiction over legal claims not presented in administrative proceedings below).

Substantial evidence supports the agency's denial of withholding of removal because Garcia-Callejas failed to establish a nexus between the harm he fears from gangs and a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

Substantial evidence supports the agency's denial of CAT relief because Garcia-Callejas failed to establish that it is more likely than not he would be tortured by or with the consent or acquiescence of a public official if returned to Honduras. *See Silaya*, 524 F.3d at 1073.

Finally, we reject Garcia-Callejas's due process contention regarding IJ bias because he did not show error. *See Lata v. I.N.S.*, 204 F.3d 1241, 1246 (9th Cir.

15-70265

2000) (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**